IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-0973-MSK-NYW

**VISTA POINTE TOWNHOME ASSOCIATION, INC.,**

    **Plaintiff,**

*v.*

**AUTO-OWNERS INSURANCE COMPANY,**

    **Defendant.**

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court upon the Plaintiff's Motion to Reopen and for Appointment of an Umpire (**# 28**), the Defendant's response (**# 29**), and the Plaintiff's reply (**# 30**); and the Plaintiff's Motion for Forthwith Hearing on the foregoing motion (**# 31**). For the reasons that follow, the motion to reopen is granted in part, and the motion for hearing is denied.

### I. BACKGROUND

This is a hail-damage case. Plaintiff Vista Pointe Townhome Association obtained a property insurance policy insured by defendant Auto-Owners Insurance Co. ("Owners"), covering the term of March 2014 to March 2015 (the Policy). The Policy included a provision allowing for independent appraisal of the insured property or amount of loss:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

# 19-4 at 2.  The hailstorm occurred in September 2014 and Vista Pointe filed a claim pursuant to the Policy.  Unhappy with Owners' value of the claim, Vista Pointe invoked the appraisal provision and filed this action in April 2016.  In its complaint (**# 1**), Vista Pointe asserted the following causes of action: (1) breach of contract based on the denial of benefits under the Policy, (2) bad faith breach of insurance contract based on an insufficient investigation of the claim and the determination of amounts due, and (3) unreasonable delay and denial of benefits under Colorado statute.  Vista Pointe also moved the Court to compel the appraisal process set forth in the Policy.

The Court set the matter down for a hearing in June 2016, to determine the existence of diversity jurisdiction and express doubt that the Court can be involved in the appraisal process.  With the parties' consent, the Court administratively closed the case pending completion of the appraisal process (**# 18**).  In September 2016, Owners moved to reopen the case and disqualify Vista Pointe's appraiser (**## 19**, **20**).  The Court held **(# 27)** that it lacked jurisdiction to rule on the motions to disqualify Vista Ponite's appraiser because they were brought pursuant to an agreement governing the appraisal process that the parties entered into during the pendency of this lawsuit.  This second agreement was unconnected to the Policy and the parties did not contend it was a novation.  The Court invited a motion for reconsideration if Owners could find authority indicating that the Court could exercise jurisdiction over a contract unrelated to the contract sued upon, but none was filed.

Instead, Vista Pointe has now returned, requesting that the Court reopen the case to appoint the umpire as contemplated by the Policy, as the parties' appointed appraisers disagree over who should be named umpire (**# 28**).  Owners argues that Vista Pointe's appraiser already

agreed to an umpire, but Vista Pointe asserts that its appraiser withdrew his assent to the named umpire.

## II. DISCUSSION

The Court continues to have significant doubt that jurisdiction exists for the claims asserted in this case, and now orders the parties to show cause as to why the case should not be dismissed for lack of jurisdiction.

**A. Jurisdiction and Standing**

Starting with the obvious, federal courts are courts of limited jurisdiction that possess only the authority given to them by the United States Constitution and federal statutes.[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution restricts the authority of federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *Sprint Commc'ns Co. v. APCC Servs. Inc.*, 554 U.S. 269 (2008). A case or controversy can only be brought by a person with standing to sue.

Unlike doctrines that restrain federal courts from exercising jurisdiction based on the characteristics of the claims themselves (*e.g.*, doctrines of abstention or grants of exclusive jurisdiction), the question of standing focuses on the party who seeks relief, rather than on the issues that he or she wants adjudicated. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). A plaintiff must demonstrate standing for each claim.

For each claim or type of relief sought, a plaintiff must show that there it is a "case or controversy" at the time of filing of the lawsuit. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Thus, for each claim, Vista Pointe must demonstrate that: (1) it has suffered an

---

[1] This is in contrast to state courts. Typically courts of general jurisdiction, state courts are presumed to have the power to hear virtually any claim arising under federal or state law, except those which Congress or the United States Constitution specifies can be heard only by federal courts.

"injury in fact" that is concrete and particularized, and actual or imminent (not merely conjectural or hypothetical); (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir.2004); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). If Vista Pointe suffered some injury subsequent to the filing of the lawsuit, that does not convey standing.

**B. Vista Pointe's Claims**

In this action, Vista Pointe has asserted a breach-of-contract claim, a bad-faith claim, an unreasonable-delay claim, and filed a motion to compel the appraisal process set forth in the Policy. Because no breach of contract existed as of the time of filing the action, and the parties are currently performing their obligations under the Policy, it appears that Vista Pointe lacked standing to pursue any of these claims.

All of Vista Pointe's claims are predicated on the anticipation that Owners will not actually pay the amount determined to be owed under the Policy. But there has been no determination of the amount claimed under the policy, and no concrete refusal by Owners to pay such sum. Rather, the value of Vista Pointe's claim remains unliquidated, and the parties' pursuit of the appraisal process and request to appoint an umpire demonstrates that there are conditions precedent yet to be satisfied before Vista Pointe's claim is quantified and Owners' duty to pay matures (much less is breached).[2] Given this posture, it is mere speculation on Vista

---

[2] Courts in Colorado and elsewhere have held that the parties to an insurance contract with an appraisal process as a condition precedent to bringing suit can waive their contractual appraisal rights. *See, e.g.*, *Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-cv-01454-RM-KMT, 2015 WL 3619205, at *2 (D. Colo. June 10, 2015); *Ins. Co. of N.A. v. Baker*, 268 P. 585, 586 (Colo. 1928). However, here, neither party *has* waived the appraisal provision. To the contrary, the parties have insisted on its performance.

4

Pointe's part that Owners will refuse to pay what is owed under the contract. In essence, the breach of contract claim is not yet ripe, nor are Vista Pointe's bad-faith and unreasonable-delay claims.[3]

Vista Pointe's motion to compel the appointment of an umpire also lacks a jurisdictional foothold. Were there a ripe breach of contract claim as of the date Vista Pointe commenced this suit, this Court might have jurisdiction to compel a party to the Policy to participate in the appraisal process as a form of specific performance of the party's obligations under the Policy. But there was no ripe breach of contract claim at the time this action was commenced. Moreover, the request for appointment of an umpire is not a request that the Court compel a party to perform obligations under the contract. Rather, it is a request that the Court discharge a duty (resolving the parties' impasse) that the parties created for it in their contract. The Court did not invite or accept this duty. Moreover, as a court of limited jurisdiction, the Court cannot exercise jurisdiction over a claim simply because the parties agree to have the Court do so; its jurisdiction must derive from some authority in federal law. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

Similarly, there does not appear to be a jurisdictional foothold resting on any similarity between the umpire provision of the Policy and arbitration. At least two courts interpreting Colorado law have held that an appraisal process like the one in the Policy is not governed by the Colorado Uniform Arbitration Act. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129

---

[3] Though the Court mostly addresses the classic breach of contract claim, the bad-faith and unreasonable-delay claims are just as speculative. Although Vista Pointe's bad-faith claim hypothetically could be based on an insufficient investigation, it would have to be an insufficient investigation that had occurred as of the time of the filing of the Complaint. Here, a review of Vista Pointe's pleadings suggests that the claim is based on a bad faith determination of benefits that has yet to occur. Similarly, Vista Pointe could hypothetically assert a claim for unreasonable delay in payment of benefits, but again, that delay would have to have occurred by the time of the filing. As the Complaint makes it clear, Vista Pointe has tied this claim to a denial of benefits, which also has yet to occur.

F. Supp. 3d 1150, 1154 (D. Colo. 2015); *Owners Ins. Co. v. Dakota Station II Condo. Ass'n*, — P.3d —, No. 16-CA-0733, 2017 WL 3184568 at *4 n.3 (Colo. Ct. App. July 27, 2017) "([A]ppraisers are not like arbitrators because they do not resolve pending disputes or determine ultimate liability."). If the Colorado Uniform Arbitration Act does not apply because the claim is not in the nature of arbitration, it is even more doubtful that the Federal Arbitration Act would apply.

Because the Court can only adjudicate disputes that have caused injury to a party, and there does not appear to have been any injury actually sustained (as opposed to anticipated) by Vista Pointe as of the date it filed its Complaint in this case, Vista Pointe does not appear to have standing to pursue any of the claims it asserted in this lawsuit.[4] So long as the parties are ostensibly attempting to perform their obligations under the contract, no breach has yet occurred. And it does not appear that the Court has jurisdiction to address any contract term, much less one that obligates the Court to act.

### III. ORDER TO SHOW CAUSE

Accordingly, Vista Pointe's motion to reopen (**# 28**) is **GRANTED IN PART**. The Clerk of Court shall reopen this case. The parties are invited to show cause, either jointly or individually, as to why this action should not be dismissed for lack of jurisdiction within 14 days of this order. Either party will have an opportunity to respond to the arguments raised by the other party by submitting a response brief no later than 7 days thereafter. The parties should address whether any of Vista Pointe's claims were based on an injury in fact that existed at the time the action was commenced, and should identify any authority, statutory or otherwise, allows

---

[4] Assuming that the appraisal process is eventually completed (or abandoned by Owners), and Owners does not proceed to pay the sum owed under the policy as determined by the appraisal process, Vista Pointe would then be able to commence a new suit for breach of contract and other claims.

the Court to preside over the performance of the Policy by the parties prior to any breach occurring. The motion for hearing (**# 31**) is **DENIED**.

Dated this 23rd day of October, 2017.

**BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
United States District Court